## Commonwealth *v.* Miller, Appellant.
## Commonwealth *v.* Kepler, Appellant.

*Liquor laws—Bottler's license—Delivery to purchaser in adjoining county.*
Commonwealth v. Hess, Appellant, ante, p. 98, followed.

Argued Feb. 4, 1892.    Appeals, Nos. 76 and 77, Jan. T., 1892, by defendants, Christian Miller and William J. Kepler, from judgments of Q. S. Montgomery Co., Oct. T., 1891, Nos. 51 and 53.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Indictments for selling liquor without a license.

On the trial before SWARTZ, P. J., the evidence disclosed a state of facts similar to those in the case of Commonwealth v. Hess, ante, p. 98.   Defendant Miller was the holder of a bottler's license in Philadelphia county, and defendant Kepler was the driver of his wagon.

### COMMONWEALTH v. MILLER, APPELLANT.

Defendant's point was as follows:

" The uncontradicted facts of this case are : That Christian Miller, the defendant, is a licensed bottler in Germantown, city of Philadelphia, and that within two years last past Arthur Johnson, of Montgomery county, about every two weeks ordered by postal card, and sometimes by telegraph, intoxicating liquor, consisting of bottled beer, and that the same was delivered by Miller's wagon to the said Johnson at his place of business in Montgomery county, by W. J. Kepler, the driver of Miller's wagon, and sometimes by rail or freight. Johnson sometimes or most generally gave the money for the beer to Kepler to take to Miller.   This money was handed to the driver after the beer was delivered in Montgomery county.

" William J. Stringer, another witness for the commonwealth and a resident of Montgomery county, ordered his beer by postal card, and the goods were delivered by Miller's wagon in charge of Kepler, at Jenkintown, in Montgomery county. He always paid for the beer to Miller at his place of business at Germantown, city of Philadelphia, after the beer was delivered. The defendant, Miller, never solicited an order from Montgomery county in the county, nor did his driver Kepler.

" The defendant had no license from the county of Montgomery.

" This testimony is undisputed, and the driver, Kepler, was also called, and the substance of his testimony is the same. Under these facts the court is requested to charge the jury that under all the evidence there can be no conviction under this bill of indictment, and that no violation of the liquor law has been proved.

"*Answer:* I cannot so charge you; but I do charge you that if you find the facts as herein set forth, you may legally convict the defendant." [1]

The court charged the jury in part as follows:

" You are the judge of the law and the facts under the direction of the court. You are to look to the court for the best evidence of the law, just as you are to the witnesses for the best evidence of the facts. You have the right as the judges of the law and the facts to say that the law has not been violated, although the court tells you, if you believe the evidence in this case, there has been a violation of the law." [2]

Verdict, guilty, and judgment thereon. Defendant appealed.

*Errors assigned* were (1) the answer to the above point, quoting the point and the answer; (2) the portion of the charge, quoted above.

COMMONWEALTH v. KEPLER, APPELLANT.

Defendant submitted the following points:

" The uncontradicted facts of this case are: That the defendant, William J. Kepler, is an employee of Christian Miller, a duly licensed bottler of Germantown, city of Philadelphia, and as such employee he delivered within two years last past to sundry persons in Montgomery county, viz.: James B. Smith, a hotel keeper at Jenkintown, said county of Montgom-

ery, and to Arthur Johnson, another hotel keeper in said county, and also to William J. Stringer, of Jenkintown, Montgomery county, intoxicating liquor, consisting of bottled beer and porter. Miller had no license from Montgomery county.

"All three of the commonwealth's witnesses testified that they always ordered their goods, viz.: beer and porter, by postal card or telegraph from Montgomery county, and Christian Miller sent the goods by his delivery wagon in charge of the defendant. That the money for these goods was sent by mail or given to the driver to deliver to Miller after the beer was delivered in Montgomery county.

"Kepler, the defendant, never actually sold any beer or took any orders, except once or twice he posted the order at the post-office, at the request of the sender, and was in no way interested in any sale, except as driver of Miller's wagon as aforesaid.

"The court is requested to charge that under this evidence there was no violation of the liquor laws and the verdict should be, not guilty.

"*Answer:* I cannot so instruct you, but if you find the facts as set forth in the above request I charge you that the defendant may be convicted in the manner and form as he stands indicted." [1]

"The court is further requested to charge that under all the evidence in the case there can be no conviction.

"*Answer:* This is refused." [2]

Verdict, guilty, and judgment thereon. Defendant appealed.

*Errors assigned* were (1, 2) failure to affirm plaintiff's points, quoting the points and the answers.

*Charles Hunsicker*, for appellants.

*Henry M. Brownback*, district attorney, *B. E. Chain* with him, for appellee.

COMMONWEALTH v. MILLER, APPELLANT.

OPINION BY MR. CHIEF JUSTICE PAXSON, March 28, 1892.
This case is ruled by Commonwealth v. Hess, decided herewith.

Judgment reversed.

COMMONWEALTH v. KEPLER, APPELLANT.

OPINION BY MR. CHIEF JUSTICE PAXSON, March 28, 1892:
This case is ruled by Commonwealth v. Hess, decided here-
with.

Judgment reversed.